Julius M. Engel, Bar # 137759
Legal Helpers, P.C.
428 J St., Suite 410
Sacramento, CA 95814
Tel: 916-444-5110
Fax: 916-444-8518
jme@legalhelpers.com

*Attorney for Plaintiff*
*Ed Stergar*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| Ed Stergar, | Case No. |
| Plaintiff, | Judge: |
| v. | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY AND OTHER EQUITABLE RELIEF** |
| GC Services, Limited Partnership, | |
| Defendant. | |
| | **JURY DEMAND ENDORSED HEREIN** |

### JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

### FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

Complaint - 1

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. Plaintiff's employer provided Plaintiff with a mobile telephone ("Work Phone") to be used in the scope of Plaintiff's employment.

10. On or around May 8, 2008, Defendant telephoned Plaintiff two times on the Work Phone.

11. During the second communication referenced in Paragraph 10, Plaintiff notified Defendant that Plaintiff could receive personal telephone calls on the Work Phone.

12. During the communication referenced in Paragraph 11, Plaintiff notified Defendant that it was inconvenient for Plaintiff to receive Defendant's telephone calls on the Work Phone.

13. During the communication referenced in Paragraph 11, Plaintiff requested a telephone number to contact Defendant after Plaintiff got off work.

14. During the communication referenced in Paragraph 11, Defendant stated that Plaintiff would face a civil suit if Plaintiff did not resolve the debt by 1:00 p.m. that day.

15. Despite the notices referenced in Paragraphs 11 and 12, Defendant called the Work Phone several times on and between the dates of May 9, 2008 and May 13, 2008.

16. On or around May 9, 2008, Defendant telephoned Plaintiff's Work Phone left two messages on the Work Phone asking for Plaintiff to return Defendant's phone calls.

17. On or around May 13, 2008, defendant telephoned the Work Phone.

18. During the communication referenced in Paragraph 17, Plaintiff notified Defendant, again, that Plaintiff could not receive personal telephone calls on the Work Phone.

19. During the communication referenced in Paragraph 17, Plaintiff again notified Defendant that it was inconvenient for Plaintiff to receive Defendant's telephone on the Work Phone.

20. During the communication referenced in Paragraph 17, Defendant represented to Plaintiff that Defendant's client was pursuing legal action against Plaintiff.

21. During the communication referenced in Paragraph 17, Defendant represented that Defendant had contacted Plaintiff's employer regarding the debt.

22. During the communication referenced in Paragraph 17, Plaintiff notified Defendant that Plaintiff was represented by an attorney for the purposes of filing bankruptcy.

23. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

24. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive or was not permitted to receive Defendant's calls at work.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT SEVEN

### Invasion of Privacy by Intrusion upon Seclusion

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

39. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

40. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

41. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

42. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

43. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

44. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

    c.  For such other legal and/or equitable relief as the Court deems appropriate.

                            RESPECTFULLY SUBMITTED,

                            LEGAL HELPERS, P.C.

By: */s/ Julius M. Engel*
Julius M. Engel (Bar # 137759)
428 J St., Suite 410
Sacramento, CA 95814
Tel: 916-444-5110
Fax: 916-444-8518
jme@legalhelpers.com
*Attorney for Plaintiff*